IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WOOTEN,

        Plaintiff,

vs.

THE CITY OF STOCKTON,

        Defendant.

No. CIV S-06-2789 FCD EFB PS

FINDINGS AND RECOMMENDATIONS

This action was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). This case was before the undersigned on August 12, 2007, for hearing on the parties' cross-motions for summary judgment. Charmaine Virginia Jackson appeared as counsel for defendant. Plaintiff appeared on behalf of himself. The court has carefully considered the moving and opposing papers and the oral argument at the hearing, and for the reasons set forth below, recommends that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted.

**I. BACKGROUND**

This action is proceeding on the complaint filed by plaintiff on December 8, 2006, in which plaintiff alleges federal question jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Compl., at ¶ 3. The basis of the complaint is plaintiff's allegation that the City of

1

Stockton, as a political subdivision of San Joaquin County, California, altered its voting practices and procedures after 1968, without first obtaining "preclearance" from the federal government in violation of the 1965 Voting Rights Act, as amended in 1973. Compl., at ¶ 6. Plaintiff alleges that this "improper alteration does in fact dilute the ability of the minority vote to impact elections." Compl., at ¶ 7. Although plaintiff does not identify the voting practices and procedures that he claims violate the Voting Rights Act, he asks the court to declare them null and void, and to have "the results of such elections set aside." Compl., at 2:12:-16. Finally he asks that defendant be compelled to return to the practices and procedures in effect prior to "the complained of change." *Id.*

Plaintiff filed a motion for summary judgment on May 29, 2007, and defendant filed a cross-motion for summary judgment on July 13, 2007.

**II. DISCUSSION**

**A. <u>Summary Judgment Standard</u>**

Summary judgment pursuant to Fed. R. Civ. P. 56 avoids unnecessary trials in cases with no disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over facts material to the outcome of the case; e.g., issues that can only be determined through presentation of testimony and evidence at trial such as credibility determinations of conflicting testimony over dispositive facts.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then

summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

Thus, to overcome summary judgement an opposing party must show a dispute that is both genuine, and involving a fact that makes a difference in the outcome. Two steps are necessary. First, according to the substantive law, the court must determine what facts are material. Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial. *Id.,* at 248.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).

////

////

////

3

If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.[1] The opposing party must demonstrate that disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, *see T.W. Elec.*, 809 F.2d at 631. The opposing party may not rest upon the pleadings' mere allegations or denials, but must present evidence of specific disputed facts. *See Anderson*, 477 U.S. at 248.[2] Conclusory statements cannot defeat a properly supported summary judgment motion. *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson*, 477 U.S. at 249, 255. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).

If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation

---

[1] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 322.

[2] A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v McDonald*, 55 F. 3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

omitted).  In that case, the court must grant summary judgment.

**B. <u>Voting Rights Act</u>**

Plaintiff asks this court to find that the Ninth Circuit decision in *Badillo v. City of Stockton*, 956 F.2d 884 (9th Cir. 1992) has been effectively overruled.  He argues that two United States Supreme Court decisions – *Lopez v. Monterey Co.*, 525 U.S. 266 (1999) and *Beer v. United States*, 425 U.S. 130 (1976) – require reversal of *Badillo*.  In particular, he argues that the Supreme Court's decision in *Lopez* holds that the City of Stockton is a political subdivision of San Joaquin County and that San Joaquin County is a "covered" county under section 5 of the Voting Rights Act.  He appears to argue that the decision in *Lopez* undermines the Ninth Circuit's ruling in *Badillo* that the City of Stockton was not a covered jurisdiction.

First and foremost, this court has no authority to overturn a decision of the United States Court of Appeals for the Ninth Circuit.  "Only an en banc panel may overturn existing Ninth Circuit precedent."  *Jeffries v. Wood*, 114 F.3d 1484, 1492 (9th Cir. 1997).

Second, assuming plaintiff's argument to be that the Supreme Court has necessarily overturned, *sub silentio*, the Ninth Circuit's ruling in *Badillo*, his claim, even construed liberally,[3] fails as a matter of law.  Based on plaintiff's papers and representations at the hearing, the court construes his complaint to allege that defendant violated the preclearance requirements of Section 5 of the Voting Rights Act (the "Act"), 42 U.S.C. § 1973c.

Section 5 of the Act freezes election practices or procedures in "covered jurisdictions" until new procedures have been subjected to "preclearance" review, either by the Attorney General of the United States or a federal court.  *See Beer v. United States*, 425 U.S. 130, 140 (1976).  Whether or not a jurisdiction is "covered" by the preclearance requirements of Section 5 is determined by a formula set forth in Section 4 of the Act.  *McDaniel v. Sanchez*, 452 U.S. 130, 133, n.2 (1981) (citing 42 U.S.C. § 1973b).

---

[3] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (pro se pleadings are to be liberally construed).

5

Again, it is unclear from the complaint which changes in voting procedure plaintiff seeks to challenge, but based on his representations at the hearing, he is challenging the same changes that were at issue in *Badillo*. In *Badillo*, the Ninth Circuit affirmed the district court's dismissal of a voting rights action by Hispanic and black voters challenging the City of Stockton's adoption of an at-large legislative election system. *Badillo*, 956 F.2d at 891. The Court approved the district court's determination that plaintiffs could not proceed under section 5 of the Act because the City of Stockton was not a covered jurisdiction. *Id.*, at 886.[4]

Indeed, the City of Stockton is not a covered jurisdiction for purposes of section 5 of the Act, and nothing in *Lopez* changes that. *See* 28 C.F.R. Pt. 51, App. (identifying jurisdictions covered under section 4(b) of the Act).[5]

Plaintiff argues that the Supreme Court in *Lopez* decided that "although the state [of California] was not expressly delineated as a covered jurisdiction under [the Act], Monterey County was nevertheless subject to the [preclearance] provisions of the Act as a result of California's literacy requirement that was in effect on the date the [Act] was activated." *See* Pl.'s Mot. for Summ. J., at 2:5-15. Plaintiff argues that based on this finding with regard to Monterey County, San Joaquin County – and by extension, the City of Stockton – must also be subject to

////

////

---

[4] The Ninth Circuit also affirmed the district court's dismissal of plaintiffs' dilution claims under section 2 of the Act because plaintiffs failed to make the required showing articulated in *Thornburg v. Gingles*, 478 U.S. 30, 49 (1986). That is, plaintiffs failed to show that a "bloc voting majority was usually able to defeat candidates supported by a politically cohesive, geographically insular minority group." *Badillo*, 956 F.2d at 886. "While plaintiffs' evidence clearly established that Hispanics and blacks together could form a majority in a single-member district, the evidence failed to establish that such a combined group of blacks and Hispanics would vote in a politically cohesive manner that would guarantee election of a minority representative." *Id.*, at 886.

[5] Based on the formula set forth in Section 4 of the Act, the appendix lists the jurisdictions to which the preclearance requirement of Section 5 applies. Neither San Joaquin County nor the City of Stockton are among the covered California jurisdictions. *Id.*

the preclearance requirements of section 5.[6]

Plaintiff misreads *Lopez*. Contrary to his assertions, the Court in *Lopez* merely acknowledged that Monterey County was "unquestionably subject to Section 5." *Lopez*, 525 U.S. at 281. Indeed, Monterey County is specifically designated a covered jurisdiction under the Act. Significantly, however, neither San Joaquin County nor the City of Stockton are. *See* 28 C.F.R. Pt. 51, App.; *Badillo*, 956 F.2d at 886. The Court in *Lopez* did not broaden coverage to any previously uncovered counties. Rather, it held that a covered jurisdiction could not administer state-mandated changes regarding the election of judges without first subjecting the changes to the preclearance requirements. *Id.*, at 269.[7]

Nothing in *Lopez* undermines the Ninth Circuit's decision in *Badillo*, which remains controlling in this circuit. Moreover, plaintiff has presented no facts that otherwise distinguish his claims from those rejected in *Badillo*. Neither San Joaquin County nor the City of Stockton are covered jurisdictions. Therefore, as confirmed in *Badillo*, neither is subject to the preclearance provisions of section 5. Accordingly, plaintiff's claim that defendant failed to comply with section 5 fails as a matter of law.

Furthermore, to the extent plaintiff's complaint can be construed as asserting a dilution claim pursuant to section 2 of the Act, that claim, too, fails as a matter of law. Plaintiff challenges the same voting procedure changes that were at issue in *Badillo*. The Ninth Circuit already held that those changes did not dilute the minority vote in Stockton, and plaintiff has alleged no facts to distinguish his claims from those already decided in *Badillo*. Moreover, he has

---

[6] Defendant challenges plaintiff's characterization of the City of Stockton as a political subdivision of San Joaquin County. The court acknowledges that objection, but does not address it here. As discussed above, plaintiff challenges defendant's change from district to at-large city council elections. Neither the City of Stockton nor San Joaquin County are covered by the preclearance provisions of Section 5, so whether or not Stockton is a "subdivision" of the county has no bearing on the court's analysis. *See* 28 C.F.R. Pt. 51, App.; *Badillo*, 956 F.2d at 886.

[7] Plaintiff's reliance on *Beer v. United States*, 425 U.S. 130 (1976), is equally unavailing. In *Beer*, it was similarly undisputed that New Orleans was a covered jurisdiction. *See also* 28 C.F.R. Pt. 51, App. (2006).

presented no evidence or argument on summary judgment to support those claims, let alone identify a genuine issue of material fact.  Accordingly, the court recommends that plaintiff's motion for summary judgment be denied, and that defendant's motion for summary judgment be granted.

Finally, the court addresses plaintiff's request for a three-judge court to preside over this action.  For the reasons previously stated, plaintiff's claims are insubstantial and do not warrant convening a three-judge court.  *See Ariz. Minority Coalition for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n*, 366 F. Supp. 2d 887, 894 (D. Ariz. 2005) (citing *Simkins v. Gressette*, 631 F.2d 287, 295 (4th Cir. 1980)); *see also Montgomery v. Leflore County Republican Exec. Comm.*, 776 F. Supp. 1142, 1144-45 (D. Miss. 1991) ("Because of the significant time and expense involved with impaneling a three-judge court, courts confronted with § 5 claims have consistently held that the single judge to whom the case is assigned may properly dismiss § 5 claims that are wholly insubstantial and completely without merit. Regardless of the nature of the relief sought, a single judge has the authority to review a complaint seeking the convening of a three-judge court in order to determine whether it states a substantial claim and one over which the court would have jurisdiction.").  Accordingly, it is recommended that plaintiff's request for a three-judge court be denied.

## III. CONCLUSION

In accordance with the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied;

2. Defendant's motion for summary judgment be granted;

3. Plaintiff's request for a three-judge court be denied; and,

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written

8

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten (10) days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951
6  F.2d 1153, 1157 (9th Cir. 1991).

7  DATED:  February 11, 2008.

                                                EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE